## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **ADRIAN MAURICE HUDGINS,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:03-0221** |
| | ) | **(Criminal No. 5:96-0181)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### <u>PROPOSED FINDINGS AND RECOMMENDATION</u>

On March 5, 2003, the Clerk of this Court received a letter from Movant, Adrian Maurice Hudgins, then and now incarcerated at FCI Ashland, Ashland, Kentucky, and in consideration of its contents regarded it a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 61.) Movant states in his letter as follows:

> I'm writing in concern of a $100.00 assessment fee, and a $500.00 fine that was imposed in this case. According to 4th Circuit Law, in United States v. Miller, 77 F.3d 71 (4th Cir. 1996). 5. Constitutional Law, District Court improperly delegated its authority to establish amount and timing of defendant's Fine and restitution payments to Federal Bureau of Prisons or his probation officer. 18 U.S.C. § 3572(d). number 76. of the PSR, states "Mr. Hudgins is already obligated to a substantial fine imposed at the time of his last conviction. Considering the guideline fine range for the instant offense, a smaller fine amount might be possible through the defendant's participation in the Bureau of Prisons' Inmate Financial Responsibility Program". Mr. Lawson, there was never a payment schedule set, or a amount, but on the fine sheet it did make mention that the fine was to be paid in full one day after sentencing. § 3572(i) states that a fine is in Default after 90 days of Delinquency notwithstanding a installment schedule. I would like for the Courts to reconsider this fine, because I am unable to pay this fine while incarcerated.

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Movant was initially convicted in the Western District of Virginia on all counts of a nine count Indictment charging him with conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846, distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), using or carrying a firearm in relation to a drug offense in violation of 18 U.S.C. § 924(c) and possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). United States v. Hudgins, Criminal Action No. 7:94-CR-00133, in the United States District Court for the Western District of Virginia, District Judge Samuel G. Wilson presiding. The District Court sentenced Movant in May, 1995, to a 346 month term of imprisonment and a three year term of supervised release and imposed a $5000 fine.[2] Movant appealed raising issues pertaining to his conviction, not his sentence, and the Fourth Circuit Court of Appeals affirmed. United States v. Hudgins, 120 F.3d 483 (4th Cir. 1997). On October 23, 1996, Movant was charged by Indictment in the Southern District of West Virginia with possessing contraband (marijuana) in prison in violation of 18 U.S.C. § 1791(a)(2). United States v. Hudgins, Criminal Action No. 1:96-0181, Document No. 4. Movant was convicted of the charge in January, 1997. Id., Document No. 30. He was sentenced in March, 1997, to a 21 month term of imprisonment, three years supervised release and a $500 fine. Id., Document No. 38. Movant appealed asserting that the District Court committed error in the course of his trial, and the Fourth Circuit affirmed. United States v. Hudgins, 131 F.3d 137, 1997 WL 759271 (4th Cir.(W.Va.)). Movant requested review in the United States Supreme Court, and the Supreme Court denied it.

---

[2] It appears from the Docket Sheet in the Western District of Virginia (Criminal Action No. 7:94-CR-00133) that the Court amended its judgment in October, 2003, reducing the total term of Movant's incarceration to 330 months. The Bureau of Prisons' Inmate Locator indicates that Movant's projected date of release is July 10, 2020.

2

Hudgins v. United States, 523 U.S. 1067, 118 S.Ct. 1402, 140 L.Ed.2d 659 (April 6, 1998). As stated above, Movant commenced these proceedings on March 5, 2003.

## DISCUSSION

The undersigned finds that Movant is asserting (1) that the District Court unconstitutionally authorized the Bureau of Prisons to collect the amount of the fine which was imposed in Criminal Action No. 1:96-0181 through the Bureau's Inmate Financial Responsibility Program without establishing the amount of the payments which he was required to make and a time frame for doing so or (2) that the Bureau of Prisons is not authorized to collect the amount of the fine without the District Court's specification of the amount of his required payments and a time frame for doing so and (3) requests that the District Court modify or remit it. Movant cites the Fourth Circuit's decision in United States v. Miller, 77 F.3d 71 (4th Cir. 1996), in support of his claim. In Miller, the Fourth Circuit, considering issues raised by Mr. Miller on direct appeal, held that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." Id., 77 F.3d at 78.

The undersigned first considers whether Movant's claim is properly considered under § 2255 and/or should be considered under other provisions in addition to or instead of § 2255 such as 28 U.S.C. § 2241 or 18 U.S.C. §§ 3572 and 3573. In 28 U.S.C. § 2255 proceedings, the validity or legality of a sentence is challenged. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.") In 28 U.S.C. § 2241 proceedings, the execution of a lawful sentence is in issue. Construing Movant's letter liberally, he can be said to be challenging the legality of his sentence insofar as he appears to be claiming that the District Court improperly

delegated its authority to set the amount and timing of fine payments. Movant can be also said to be challenging the execution of his sentence by claiming that the Bureau of Prisons does not have authority to set the amount and timing of his sentence under the Inmate Financial Responsibility Program. *See* Pleasants v. Dewalt, 2003 WL 23350442 (E.D.N.C.), *aff'd*, 73 Fed.Appx. 638 (4th Cir. 2003). It is therefore conceivable that Movant's claim falls both under § 2255 and § 2241. Consideration of Movant's claim under § 2241 is improper, however. Section 2255 proceedings are before the District Judge who imposed the sentence. Section 2241 proceedings are in the District where the inmate is incarcerated, *i.e.*, where the sentence is being executed. United States District Judge Goodwin presided in imposing Movant's sentence, and, considering this matter a § 2255 proceeding, it is properly now before District Judge Goodwin. To the extent that this matter can be regarded a § 2241 proceeding, the District Court does not have jurisdiction because Movant is incarcerated in Kentucky.

No other statute can be deemed to apply under the circumstances in this case. 18 U.S.C. § 3572 pertains to the imposition of a fine as a part of a sentence. 18 U.S.C. § 3572(d)(1), which Movant references in his letter, authorizes the Court to require the payment of a fine immediately or in installments. 18 U.S.C. § 3572(d)(1) provides that "[i]f the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule." 18 U.S.C. § 3572(d)(2) provides that "[i]f the judgment . . . permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made." These provisions applied when the District Court imposed the $500 fine in Movant's case, but do not themselves provide any entitlement to relief in collateral proceedings.

4

18 U.S.C. § 3573 permits the United States to petition for the modification or remission of a fine on grounds that "reasonable efforts to collect a fine or assessment are not likely to be effective . . .." Obviously, only the United States can petition for modification or remission of a fine, and Movant is not entitled to do so. *See* United States v.Muncy, 137 Fed. Appx. 582 (4th Cir. 2005).

Considering Movant's claims as arising therefore under § 2255, the undersigned has determined that Movant's claims respecting the propriety of the District Court's imposition of a fine must be dismissed for two reasons. First, his claims are non-constitutional in nature. Movant could have and should have raised them in the first place on direct appeal as Mr. Miller did in United States v. Miller, 77 F.3d 71, 77 - 78 (4th Cir. 1996), the case which Movant cites. Review of sentencing error is available in the first place on direct appeal. *See* 18 U.S.C. § 3742(a)(allowing for direct appeal from sentence imposed in violation of law or based on incorrect application of sentencing guidelines). Failure to raise an issue presented in sentencing which is non-constitutional in nature amounts to a waiver of the right to contest the issue in § 2255 proceedings. *See* United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989). Movant waived his right to raise the issues presented in this case by not raising them on direct appeal. Second, this case must be dismissed for Movant's failure to state his claims within the time limit statutorily prescribed for doing so. 28 U.S.C. § 2255 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) generally provides that an inmate may seek relief under § 2255 within one year from "the date on which the judgment of conviction becomes final[.]" *See* United States v. Wilson, 256 F.3d 217 (4th Cir. 2001), *cert. denied*, 534 U.S. 1086, 122 S.Ct. 823, 151 L.Ed.2d 705 (2002); Young v. United States, 2002 WL 32144768 (S.D.W.Va.), *aff'd*, 46 Fed. Appx. 723, 2002 WL 31142511 (4th Cir. 2002). Some leeway exists for extending the one year period until "the date on which the facts

5

supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4). The undersigned finds that Movant's judgment of conviction in United States v. Hudgins, Criminal Action No. 5:96-0181, in the United States District Court for the Southern District of West Virginia, in which the Court imposed the fine which Movant challenges in this case, became final on April 6, 1998, when the United States Supreme Court denied Movant's request for review. Movant's conviction therefore became effective on April 6, 1998. Movant had until April 5, 1999, to seek relief under § 2255. His letter was filed initiating this case on March 5, 2003, nearly four years after the time for initiating proceedings under § 2255 had expired. Further it appears that the facts underlying Movant's claims must be deemed to have been known to him at the time of his sentencing, and there are therefore no grounds for extending the period within which Movant could file under § 2255.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings, and **RECOMMENDS** that the District Court consider Movant's claims under 28 U.S.C. § 2255 and **DISMISS** them as waived and barred by application of the time limitation contained therein.

The Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this

court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, District Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Movant who is acting *pro se* in these proceedings and counsel of record.

Date: November 29, 2005.

R. Clarke VanDervort
United States Magistrate Judge